## Daniel W. Roderick, Plaintiff in Error, v. City of Chicago et al., Defendants in Error.

### Gen. No. 22,478.

1. CIVIL SERVICE—*when no vacancy in classified service occurs.* Under section 6 of rule 8 of the Civil Service Commission, providing that upon the expiration of a leave of absence an officer shall be reinstated in his position, but if such leave exceeds 30 days and the position has been in the meantime filled by certification his right to reinstatement shall be postponed until another vacancy occurs in a position of his legal grade, etc., and section 9, giving an employee taking leave of absence precedence for reinstatement from the eligible register of positions of the same class and grade according to seniority, and section 1 of rule 4 providing that "whenever a vacancy in the classified service occurs the appointing officer shall make requisition for certification," etc., there is no "vacancy" when an employee in the classified service takes leave of absence for one year and at the same time hands in his resignation to take effect at the expiration of the year, when such resignation is not accepted, although more than 30 days has expired since the beginning of such leave of absence.

2. CIVIL SERVICE—*when appointing officer need not make requisition for certification.* Under section 1 of rule 4 of the Civil Service Commission, the appointing officer is required, whenever a vacancy in the classified service occurs, to make requisition for certification only where positions in the classified service are permanently unoccupied or where there is no person legally occupying such position, and consequently is not required to make such requisition when an officer has taken a leave of absence for one year and his resignation, which is filed at the time of the taking of such leave is not accepted.

Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed November 5, 1917.

FARRELL & THOMPSON, for plaintiff in error; HOPE THOMPSON, of counsel.

SAMUEL A. ETTELSON, for defendant in error; ROY S. GASKILL, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

On November 4, 1915, Robert W. Weinhardt, who then held the position of superintendent of machinery of the Chicago fire department, requested of the head of his department a leave of absence without pay for a period of one year after November 16, 1915. The application for the leave was made in writing and was granted. At the same time Weinhardt delivered to the fire marshal a written resignation of his position, to take effect November 16, 1916. This resignation was received by the fire marshal but was not accepted by him prior to the filing of the petition of the plaintiff.

The plaintiff, Daniel W. Roderick, filed a petition in the Circuit Court of Cook county; in which he alleged, in addition to the foregoing, that he, petitioner, and Weinhardt, had participated in an original examination held under the direction of the Civil Service Commission of Chicago, November 5, 1913, for the position of superintendent of machinery in the fire department; that as a result of this examination Weinhardt obtained first place and petitioner second place on the eligible list for appointment to this place; that on February 14, 1914, Weinhardt was legally appointed to the place and that he performed the duties thereof until November 16, 1915.

On November 16, 1915, Weinhardt, in accordance with the leave of absence granted him, began his furlough, and on December 22, 1915, Roderick filed his petition for a writ of mandamus, by which proceeding he sought to compel the fire marshal to make a requisition to the Civil Service Commission for the certification of an eligible to fill the vacancy created, as it was alleged, by the leave of absence granted to Weinhardt, and to compel the Commission to certify the name of petitioner for the appointment.

Many of the material allegations of the petition are admitted by the answer filed by respondents, but it denies that the resignation of Weinhardt had been duly accepted by the fire marshal or that it had been approved by the Commission. The answer, however, does admit that the resignation of Weinhardt was received by the fire marshal, to take effect at the end of the year for which the leave of absence had been granted. It was further denied in the answer that a vacancy existed in the position of superintendent of machinery, and it was asserted that there could be no vacancy in law created until the expiration of the leave of absence given to. Weinhardt and the acceptance and approval of his resignation by the fire marshal and also by the Civil Service Commission.

The answer denied that it was the duty of the fire marshal to notify the Civil Service Commission that a vacancy existed in the office in question, or to make a requisition for the certification of the person standing highest on the list of eligibles.

It was further denied in the answer that the fire marshal had appointed, or attempted to appoint, any person to the position in question, and it was alleged therein that the duties of said position had been, after November 16, 1915, when necessary, performed by other employees of the department without pay, and that none of the money appropriated for the payment of the salary of the position had been expended therefor since November 10, 1916.

A demurrer was filed to the answer of the defendants, which was overruled, and the petitioner electing to stand by his demurrer has brought the case here for review.

As stated by counsel for petitioner, the points at issue in this case are really only two:

"First. Does a vacancy exist in the office or place of employment of Superintendent of Machinery in the Fire Department of the City of Chicago; and second,

if so, is it the duty of the respondents to take the necessary steps to bring about the instalment of petitioner in said petition?"

It may be conceded at the outset that if a vacancy exists in the position in question, and if it is the duty of the respondents to take necessary steps to fill such vacancy, then the petitioner is entitled to be certified to the position. It is conceded in the answer of respondents that the duties of the position which the petitioner seeks are not, since the leave granted to Weinhardt took effect, being performed by any person having a legal right to the position or the emoluments thereof. Section 6 of rule 8 of the Civil Service Commission is as follows:

"Holding Positions Open. Upon the expiration of a leave of absence, an officer or employee shall be reinstated in his position; provided, however, that if such absence with leave exceeds thirty days, or, in case of injury in the service, sickness or other disability, ninety days, and the position in the meantime has been filled by certification, he shall be reinstated only when a vacancy in a position of his legal civil service grade and of the same class, grade, salary and character of work exists, and then in the order of his seniority in the position. The person displaced by the reinstatement of an officer or employee absent with leave, as hereinbefore provided, shall have his name restored to the eligible list, in accordance with his seniority in the position."

Section 9 of this rule is in part as follows:

"Reinstatement. When any officer or employee has been given a leave of absence in accordance with the rules of the Civil Service Commission, or has been laid off in accordance with said rules, the person taking such leave or the person so laid off shall have precedence for reinstatement from the eligible register of positions of the same class, grade and salary and the same character of work, according to the seniority in his position."

Section 6 of rule 8 provides that upon the expira-

tion of a leave of absence, an officer shall be reinstated in his position, but it is provided in the rule that if his leave exceeds 30 days, and the position in the meantime has been filled by certification, his right to reinstatement was postponed until another vacancy occurred in a position of his legal grade service, etc. As we read section 6, it is clear that it was not intended in every case that the right of a person employed in the classified service, who had taken a leave of absence for more than 30 days, to reinstatement to his position, would be postponed until another vacancy had occurred and his name was reached in regular order again upon the eligible list. Standing alone and unconnected with the proviso which follows it, the first clause of section 6 makes absolute the right to reinstatement of the employee who takes a leave of absence from his position. The proviso limits this right to reinstatement so that if the leave of absence is for more than 30 days, and the position "in the meantime has been filled by certification," such employee's right to reinstatement is postponed in the manner provided for in the section.

It is conceded in the instant case that though the leave of absence granted to Weinhardt was for more than 30 days, and he had not been in the service of his department for more than 30 days prior to the filing of this petition, the position had not "in the meantime" been filled by certification.

Much argument is had in the briefs of counsel over the meaning of the word "vacancy." We do not think it is necessary to determine the exact meaning of the word as used in the statute or in the rules of the Civil Service Commission. It is quite clear that whatever meaning may be given to this term, no such vacancy existed in the position in question as would authorize the court to direct, by the exercise of a peremptory writ of mandamus, the certification of the petitioner to the place. It may be conceded that the respondents

did have full authority, under section 6, to fill the position left unoccupied by the leave of absence granted to Weinhardt by certifying petitioner to this place; but we can find no language in the rules or the statute which would authorize a holding that they were required to make such appointment.

We are inclined to the opinion that rather too much importance is given by counsel for petitioner to the use in the rules of the word "reinstate." We are not inclined to hold that the rules impart any formal meaning to the word, or that it was intended to impose by its use any special status upon a civil service employee who had been granted a leave of absence. The word as used in the rules was undoubtedly intended to define the right of a person to return to a position from which he had been given a leave of absence. Its use does not necessarily imply a "vacancy" in the position in the sense, as contended, that the head of the department is required to fill the position by certification.

Section 1 of rule 4 of the rules of the Civil Service Commission requires that "whenever a vacancy in the classified service occurs the appointing officer shall make requisition for certification," etc. It is urged by counsel that this rule is clear and mandatory, and we think they are right in their contention. It is perfectly clear from the paragraphs of the statutes quoted by counsel, and from the rules of the Civil Service Commission and the decisions of the Supreme Court in cases *People ex rel. Akin v. Kipley,* 171 Ill. 44, and *People ex rel. Akin v. Loeffler,* 175 Ill. 585, that this rule is mandatory, but when it is read in connection with sections of rule 8, already quoted, it becomes obvious that the word "vacancy" as used in section 1 of rule 4 has reference to cases where positions in the classified service are permanently unoccupied or where there is no person legally occupying such position; it does not include cases where a holder of such

position has obtained a leave of absence therefrom for a limited period, except as hereinbefore indicated.

The argument of counsel for the petitioner is predicated in part on the theory that there is a vacancy in the office in question; that an appropriation is available for the payment of the salary for such office, and that the head of the department is required by law, under the circumstances of the case, to take steps to fill the position. We do not think it necessary to determine the question whether, where an office in the classified service has become vacant by resignation, the head of the department in which such position is, must in every such case take steps to fill such position, even though it may, under such circumstances and in the best interests of the efficient operation of the department, be, in his judgment, unwise to fill such position.

We think that the case at bar is one where, under the rules of the Civil Service Commission, the fire marshal was not required to fill the position from which Weinhardt had obtained a leave of absence.

As stated, we are inclined to agree with counsel for the defendants that while the fire marshal in his discretion might have taken the necessary steps to fill the position in question by appointment from the eligible list, the rules did not impose upon him the duty of taking such steps, where, in the exercise of a sound discretion, he might deem such appointment unnecessary. Holding, however, as we do, that a vacancy did not exist in the office in question within the purview of the rules of the Civil Service Commission, it is not required of us to determine other questions argued by counsel.

The judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*